**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1086
_____

SANDRA LORENA ARIETA-LOPEZ;
DIEGO RODRIGO ARIETA-RODRIGUEZ,
Petitioners
v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A099-663-559 and A208-885-625)
Immigration Judge: John B. Carle
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 7, 2022

Before: HARDIMAN, SHWARTZ, and NYGAARD, *Circuit Judges*

(Opinion filed: November 9, 2022)
_____

OPINION[*]
_____

**NYGAARD**, *Circuit Judge.*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Sandra Arieta-Lopez and her minor son petition for review of the Board of Immigration Appeals' (BIA) final order of removal, arguing that the BIA erred by finding that her proposed social group was not cognizable. Because Arieta-Lopez failed to exhaust one claim and her other arguments lack merit, we will dismiss in part and deny in part the petition for review.

I.

Arieta-Lopez, a native and citizen of El Salvador, entered the United States in 2006 and was subsequently removed pursuant to a removal order in January 2010. She and her minor son, also a native and citizen of El Salvador, then entered the United States again in January 2016. The Department of Homeland Security (DHS) reinstated Arieta-Lopez's 2010 removal order. After she claimed a fear of returning to El Salvador, an asylum officer conducted a reasonable fear interview and determined that Arieta-Lopez did not have a reasonable fear of persecution or torture. She requested review of that determination before an Immigration Judge (IJ), who vacated the decision and placed Arieta-Lopez in "withholding-only" proceedings. DHS also placed the minor son into removal proceedings by filing a Notice to Appear, charging him with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled.

Although Arieta-Lopez was not eligible to seek asylum, *see Cazun v. Att'y Gen.*, 856 F.3d 249, 251 (3d Cir. 2017) (noncitizens "subject to reinstated removal orders are ineligible to apply for asylum"), she sought withholding of removal and protection under the Convention Against Torture (CAT). The minor son filed an application for asylum,

2

withholding of removal, and relief under CAT. The applications were denied, finding, among other things, that Arieta-Lopez did not identify a cognizable particular social group, and she and her son were ordered removed to El Salvador. They appealed to the BIA.

The BIA affirmed the IJ's decision. The BIA agreed that Arieta-Lopez's proposed particular social group lacked immutability, particularity, and social distinction, was not persuaded that being a bank teller is fundamental to her identity in El Salvador, and concluded that her proposed group is impermissibly circularly defined by the harm experienced or feared. The BIA also concluded that even if the group were cognizable, there was no clear error in the IJ's finding that Arieta-Lopez did not establish a nexus between the harm she feared and a protected ground. As she did not meet her burden for withholding of removal, her appeal was dismissed.[1] The BIA also dismissed the minor son's appeal, finding that he presented "no meaningful arguments" contesting the IJ's denial of his claims and as such "waived" those issues.[2] Arieta-Lopez petitions for review.

II.[3]

---

[1] The BIA also concluded that Arieta-Lopez and her son waived any challenge to the IJ's denial of their claims for CAT protection because they presented "no meaningful arguments" challenging the IJ's denial of the claims. AR 3 n.2, 303. Their failure to raise the issue before the BIA constituted a failure to exhaust the issue, so we lack jurisdiction over the CAT claim. 8 U.S.C. § 1252(d)(1); *Lin. v. Att'y Gen.*, 543 F.3d 114, 126 (3d Cir. 2008).

[2] The minor son does not challenge the BIA's conclusion that he waived his challenge to the denial of his claims for asylum and withholding of removal.

[3] We have jurisdiction to review the BIA's decision under 8 U.S.C. § 1252(a)(1). We may consider both the BIA and the IJ's opinions "to the extent the BIA deferred to or

The BIA correctly concluded that Arieta-Lopez has not shown that she is a member of a cognizable particular social group. The only substantive challenge before us is to the BIA's denial of Arieta-Lopez's claim for withholding of removal. Arieta-Lopez argues that the BIA overlooked the law and evidence by holding that her proposed particular social group lacked immutability, particularity, and social distinction.

"[T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Arieta-Lopez argues that her particular social group, "El Salvadoran professional women subjected to extortion who have access to large sums of money and/or have perception of one who has access to large sums of money," entitles her to withholding of removal. To sustain a claim for withholding of removal based on membership in a particular social group, Arieta-Lopez must show that her proposed group is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Chavez-Chilel v. Att'y Gen.*, 20 F.4th 138, 146 (3d Cir. 2021) (internal quotation marks and citation omitted). She must "establish by a 'clear probability' that [her] life or freedom would be threatened in the proposed country of deportation."

---

adopted the [IJ's] reasoning." *Mendoza-Ordonez v. Att'y Gen.*, 869 F.3d 164, 169 (3d Cir. 2017) (internal quotation marks and citation omitted). We review the BIA's legal conclusions de novo. *Id.* We "decide the petition only on the administrative record" and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252 (b)(4)(A)-(B).

4

*Tarrawally v. Ashcroft*, 338 F.3d 180, 186 (3d Cir. 2003) (internal quotation marks and citation omitted). Finally, she must prove that persecution would be "because of" her group membership—the nexus requirement. *See Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 684–85 & n.6 (3d Cir. 2015).

Though her Arguments heading asserts that the BIA erred by finding a lack of immutability, particularity, and social distinction, Arieta-Lopez's brief focuses most clearly on immutability. Of course, lack of particularity and social distinction, which Arieta-Lopez does not meaningfully challenge, are dispositive of her claim. Regardless, the argument that her proposed social group is immutable is not supported by the record because she has not shown that her occupation is a fundamental aspect of her identity. *Compare Mwembie v. Gonzales*, 443 F.3d 405, 415 (5th Cir. 2006) ("Because [petitioner] can change her employment, which is not fundamental to her identity or conscience, she does not belong to a 'social group' of government employees."), *with Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) ("[Petitioner] cannot avoid compulsion by the cartel simply by changing jobs, because even if she ceased *employment* as a nurse, she would still *be* a nurse. . . . The cartel targeted [petitioner] precisely because of her specialized nursing skills."). Thus, we are unable to conclude that the record compels reversal of the BIA's opinion. As a result, withholding of removal is not warranted.

We need not reach Arieta-Lopez's additional arguments because her failure to establish membership in a cognizable group is dispositive of her claim.

III.

For the foregoing reasons, we will dismiss in part and deny in part the petition for review.